UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINCOLN DOUGLAS,

Petitioner,

v.

ROBERT LYNCH et al.,

Respondents.

Case No. 1:26-cv-2632

Honorable Paul L. Maloney

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner is granted leave to proceed *in forma pauperis*. (ECF No. 3.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner.[1] (Pet., ECF No. 1, PageID.5; Reply, ECF No. 12, PageID.91.)

[1] In addition to filing his § 2241 petition, Petitioner also filed an emergency motion for expedited consideration. (ECF No. 4.) As set forth in this opinion, the Court will grant Petitioner's § 2241

In an order entered on September 25, 2026, the Court directed Respondents to show cause why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.) Respondents filed their response on October 9, 2026, (ECF No. 10), and Petitioner filed his reply on October 21, 2026, (ECF No. 12).

## II. Relevant Factual Background

Petitioner is a native and citizen of Jamaica. (Pet., ECF No. 1, PageID.2.) Petitioner entered the United States without inspection in 1993. (Pinson Decl. ¶ 4, ECF No. 10-1, PageID.68.) On December 22, 1997, an Immigration Judge (IJ) issued Petitioner a final order of deportation to Jamaica. (IJ Order, ECF No. 10-2, PageID.72–73.) On February 23, 2008, Petitioner was arrested by ICE Enforcement and Removal Operations (ERO) and "processed as a Final Order of Removal." (Pinson Decl. ¶ 7, ECF No. 10-1, PageID.68.) On April 16, 2008, Petitioner was removed to Jamaica. (*Id.* ¶ 8.)

On June 14, 2025, Petitioner was arrested by ICE ERO and "processed as a Reinstatement of prior removal order." (*Id.* ¶ 9.) "ERO presented [Petitioner] to the United States Attorney's Office for prosecution for Illegal Reentry in the U.S. after removal." (*Id.*, PageID.68–69.) On June 16, 2025, ICE ERO turned Petitioner over to the custody of the U.S. Marshals for prosecution. (*Id.* ¶ 10, PageID.69.) And on August 19, 2025, Petitioner was convicted of illegal reentry in violation of 8 U.S.C. § 1326(a) in the U.S. District Court for the Eastern District of Michigan and sentenced to three months' imprisonment. (*Id.* ¶ 11.)

On September 15, 2025, following his release from federal custody, Petitioner was transferred to ICE custody at the North Lake Processing Center. (*Id.* ¶ 12.) On October 16, 2025,

petition and order Respondents to release Petitioner from custody. In light of this, the entry of the Court's opinion and corresponding judgment moots Petitioner's pending motion.

Petitioner claimed fear of returning to Jamaica and was subsequently referred to United States Citizenship and Immigration Services (USCIS) for a reasonable fear interview. (*Id.* ¶¶ 13–14.) On October 31, 2025, USCIS determined that Petitioner did not have a reasonable fear of returning to Jamaica. (*Id.* ¶ 15.) However, on November 11, 2025, an IJ overturned the finding by USCIS and placed Petitioner into withholding only proceedings. (*Id.* ¶ 16.) On February 23, 2026, an IJ denied Petitioner withholding of removal. (*Id.* ¶ 17; IJ Order, ECF No. 10-4, PageID.83.) On March 18, 2026, Petitioner appealed the denial of withholding of removal to the Board of Immigration Appeals (BIA), and his appeal remains pending. (Pinson Decl. ¶ 18, ECF No. 10-1, PageID.69.) *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter 073-775-928 for the A-Number, select "Jamaica" for the Nationality, and select Submit) (last visited Oct. 26, 2026) (indicating an appeal was received on March 18, 2026, and Petitioner's brief was received on June 16, 2026). ICE ERO Deportation Officer Pinson states in his declaration: "[Petitioner] will remain in ERO custody pending a BIA decision. If the appeal is dismissed, ERO will remove [Petitioner] from the United States." (*Id.* ¶ 21.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that because Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. (*See* Resp., ECF No. 10, PageID.60; Reply, ECF No. 12, PageID.88.) However, Petitioner contends that his detention has become unlawful under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), and violates the Due Process Clause of the Fifth Amendment. (Reply, ECF No. 12, PageID.89; Pet., ECF No. 1, PageID.4.) In response, Respondents argue that Petitioner's continued detention under § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas*. (*See* Resp., ECF No. 10, PageID.61–63.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final on December 22, 1997, and the 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See* 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[2] "[O]nce [a noncitizen's] removal is

[2] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573,

no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

In this case, when Petitioner initiated this action on September 21, 2026, he had been in ICE custody since September 15, 2025, more than a year following his detention pursuant to reinstatement of his final order of removal.[3] Petitioner argues that there is a good reason to believe that no significant likelihood of removal exists because the six-month presumptively reasonable period under *Zadvydas* expired on March 15, 2026, and Respondents have not identified any "current travel document, a request to Jamaica, a response from Jamaican authorities, an itinerary, or any third country to which removal is being pursued." (Reply, ECF No. 12, PageID.89.) While Petitioner acknowledges that his prior removal in 2008 "shows historical feasibility," Petitioner argues that it "does not establish a current travel document or a present removal arrangement eighteen years later." (*Id.*) Further, Petitioner asserts that his lawful pursuit of his appeal of withholding of removal to the BIA does not establish noncooperation with ICE ERO's removal efforts. (*Id.*) The Court concludes that Petitioner has shown that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. Because Petitioner has met his burden, Respondents must respond with evidence sufficient to rebut that showing. *Id.*

---

576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

[3] Petitioner was initially arrested by ICE on June 14, 2025, and he spent two days in ICE custody before being transferred to the custody of the U.S. Marshals on June 16, 2025. (Pinson Decl. ¶¶ 9–10, ECF No. 10-1, PageID.68–69.) On September 15, 2025, after his release from federal custody, Petitioner was transferred to ICE custody where he has remained since that time. (*Id.* ¶ 12.) Therefore, for purposes of calculating the length of Petitioner's ICE detention, the Court will use the September 15, 2025 date.

In response, Respondents provide a declaration from ICE ERO Deportation Officer Pinson indicating that ICE intends to keep Petitioner in ICE custody while his BIA appeal is pending, and if his appeal is dismissed, Petitioner will be removed. (Pinson Decl. ¶ 21, ECF No. 10-1, PageID.70.) However, Respondents do not provide any information about an anticipated timeline for effecting Petitioner's removal once his appeal concludes. Respondents also do not identify any efforts they have made to obtain travel documents for Petitioner. Under these circumstances, Respondents have failed to respond with sufficient evidence to rebut Petitioner's showing that there is a "good reason to believe" that Petitioner will not be removed in the "reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court, therefore, will grant Petitioner's § 2241 petition.

## V. Other Claims and Other Forms of Relief

Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VI. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all the other Respondents. (Resp., ECF No. 10, PageID.64.) The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the all of the named Respondents.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from detention, subject, as applicable, to an order of supervision within five days of the date of this opinion and corresponding judgment. The Court will also order Respondents to file a status report within six days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment.

Dated: November 4, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge